2 F.3d 1152
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES FIDELITY & GUARANTY COMPANY, Plaintiff,
Greene County Regional Airport Authority, Plaintiff-Appellee,
v.
CHARLES A. NOSKER, INC., Charles A. Nosker and Alison E.
Nosker, Defendants-Appellants.
 No. 92-4345.
 United States Court of Appeals, Sixth Circuit.
 Aug. 13, 1993.
 
 Before: KEITH and KENNEDY, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendants Charles A. Nosker, Inc., Charles A. Nosker and Alison E. Nosker agreed to indemnify plaintiff, United States Fidelity & Guaranty Company ("USF & G") if it were required to pay on a performance bond for defendants' construction project. Defendant Charles A. Nosker, Inc. failed to pay two subcontractors who sued to enforce payment of their claims. Defendant Charles Nosker, president of Charles A. Nosker, Inc. admitted that the subcontractors had performed their contracts and that he knew of no shortcomings in their work and indeed was impressed with their work. USF & G paid the subcontractors $48,500 in settlement of their claims. Plaintiff Greene County Regional Airport Authority ("Airport Authority") is subrogated $28,500 to USF & G's claim for indemnity against defendants. The court granted summary judgment to plaintiff Airport Authority.
 
 
 2
 The indemnity agreement between USF & G and defendants requires only that USF & G believe it was or might be liable on the performance bond. The record clearly shows that USF & G not only believed it was liable, but that it was in fact liable. Defendants' only claimed defense to the subcontractors' claims was that defendant Charles A. Nosker, Inc. had not been paid. Although in his deposition Charles Nosker refused to either admit or dispute that defendant Charles A. Nosker, Inc. had been paid for the work, a check for the payment was an exhibit filed with the motion. The magistrate judge did not err in granting plaintiff's motion for summary judgment.
 
 
 3
 Defendants also appeal from the dismissal of their counterclaim for improper administration of the contract. The claim is without merit. Defendants' contract provided that Clyde F. Williams & Associates would provide the engineering and administration of the project. It was to be the final judge of the work accomplished. It is also an independent contractor. The magistrate judge correctly ruled that plaintiff is not liable for any mismanagement by the independent contractor's employees.
 
 
 4
 The judgment of the District Court is AFFIRMED.